Coóke, J.
 

 The issue here is whether a contractual period of limitations bars plaintiff’s claim for money due under the contract.
 

 The facts are not in dispute. On October 18, 1956, plaintiff, Lew Morris Demolition Co., Inc., entered into an agreement with defendant, the Board of Education of the City of New York, for the performance of certain demolition work at P.S. No. 3, a public school site in Brooklyn, for $18,850. While work was in progress and in May of 1957, an employee of another contractor performing tasks at an adjacent building was struck by a brick and fatally injured. The administratrix of the estate of the deceased employee instituted a wrongful death action against Lew Morris Demolition Co., the Board of Education and decedent’s employer. In turn, the board served a cross claim seeking indemnity against its codefendants. On January 22, 1959, the board passed a resolution accepting plaintiff’s work and recommended payment of $16,650. Payment, however, was withheld because of the pending lawsuit
 
 *519
 
 and a condition set forth in article 49 of the contract, which so far as pertinent, provided: "Art. 49. If any claim is made against The City or The Board for any act or omission of The Contractor, The Comptroller may withhold the amount of such claim or so much thereof as he may deem necessary, as security against such claim, from any money due or to become due hereunder, until such time as the commencement of an action thereon would be barred by law or until final adjudication of such action by a Court of competent jurisdiction.”
 

 In the wrongful death action, a verdict was returned in favor of the administratrix and against the board, but Lew Morris Demolition Co. was exonerated. The trial court, however, granted the board’s cross claim against Lew Morris Demolition Co. On appeal, the Appellate Division reversed the judgment, which directed recovery by plaintiff therein against the board and recovery over by the board against Lew Morris Demolition, and dismissed both the complaint and the cross complaints
 
 (Senkbeil v Board of Educ.
 
 23 AD2d 587). On October 20, 1966, this court affirmed the order of the Appellate Division (18 NY2d 789).
 

 Thereafter and on December 27, 1966, plaintiff filed a notice of claim with the board for $24,383.24. On the same day, the parties entered into a written stipulation under which defendant "hereby determines and offers to make partial settlement in the amount of $13,650.00”, receipt thereof being acknowledged upon the understanding that said amount is paid "not as a final payment or payment of any character under said contract, but as a partial settlement, pursuant to the above resolution of the Board of Education, of and on account of the aforesaid claim and without prejudice to the rights of either party with respect to the balance of the above numbered claim.”
 

 It was not until January 26, 1968 that plaintiff served upon defendant a summons and complaint demanding payment of the claimed $10,733.24 balance. This figure was arrived at by adding to the contract price of $18,850 a "[c]laim for increased cost of work and extra work entailed
 
 in performing the contract
 
 during winter weather not contemplated in plaintiff’s bid for the work” (emphasis supplied) in the sum of $5,533.24, for a total of $24,383.24, and then deducting the $13,650 payment. Defendant moved for summary judgment, contending that the action was time-barred by the limitation period found in article 67 of the contract. Said article, in part,
 
 *520
 
 provides: "Art. 67. No action shall lie or be maintained against The Board of The City upon any claim based upon this contract or arising out of this contract or out of anything done in connection with this contract, unless such action shall be commenced within one year after the date of acceptance of the work under this contract by The Board; or if the contract provides that any part of the moneys earned under the contract be retained for any periods after such acceptance, actions to recover such retained moneys be commenced within six months from the date when such retained moneys shall become payable under the terms of the contract”. The Civil Court ruled that the December 27, 1966 stipulation constituted an acknowledgment of the debt by defendant so as to revive, pursuant to section 17-101 of the General Obligations Law, the one-year limitation period. It was reasoned that the suit, commenced one year and a month after the stipulation, was timely since plaintiff was required to wait one month after filing its notice of claim before initiating suit.
 

 In reversing and granting summary judgment to defendant, the Appellate Term, one Justice in dissent, held that the stipulation did not revive the contractual limitation period because the "acknowledgment that plaintiff had a claim against defendant was not tantamount to the acknowledgment of existence of a debt.” An Appellate Division majority of three Justices affirmed, without opinion, two Justices dissenting on the dissenting memorandum at Appellate Term.
 

 Section 17-101 of the General Obligations Law provides: "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules other than an action for the recovery of real property. This section does not alter the effect of a payment of principal or interest.” This section restates the rule that a written acknowledgment or promise will toll the Statute of Limitations and copies former section 33-d of the Personal Property Law, no attempt being made to codify the effect of payments of principal or interest, a matter traditionally resolved by case law (Semerad, Practice Commentary, McKinney’s Cons Laws of NY, Book 23A, General Obligations Law, § 17-101, p 610). At common law, an acknowledgment or promise to perform a previously defaulted contract obligation was effectual, whether
 
 *521
 
 oral or in writing, at least in certain types of cases, to start the Statute of Limitations running anew, but since 1848 that rule has been qualified by statute in this State to the extent of requiring the acknowledgment or new promise to be in a writing, signed by the party to be charged
 
 (Scheuer v Scheuer,
 
 308 NY 447, 450-451). The writing, in order to constitute an acknowledgment, must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it
 
 (Connecticut Trust & Safe Deposit Co. v Wead,
 
 172 NY 497, 500;
 
 Manchester v Braedner,
 
 107 NY 346, 349;
 
 Curtiss-Wright Corp. v Intercontinent Corp.,
 
 277 App Div 13, 16-17;
 
 Lincoln-Alliance Bank & Trust Co. v Fisher,
 
 247 App Div 465, 466).
 

 In order that a part payment shall have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder
 
 (Crow v Gleason,
 
 141 NY 489, 493;
 
 Sweeney v Gould Paper Co.,
 
 7 AD2d 147, 149;
 
 Arkport State Bank v Nutter,
 
 282 App Div 412, 414;
 
 Matter of Pappalau,
 
 261 App Div 705, 707, affd 287 NY 795;
 
 Scott v Palmer,
 
 246 App Div 379, 380, affd 273 NY 471).
 

 Plaintiff’s argument, that the stipulation of December 27, 1966 and payment made pursuant to it took this action out of the operation of the contractual provision regarding time for commencement of actions, does not stand up under these tests.
 
 *
 
 The writing, to which by its terms the payment was directly related, expressly stated that the payment of the $13,650 shall be deemed "not as a final payment or payment of any character under said contract” but as "a partial settlement * * * without prejudice to the rights of either party with respect to the balance of the above numbered claim.” Viewed as a writing, it did not recognize an existing debt and the "without prejudice” language was inconsistent with an intention on the part of the alleged debtor to pay the debt. Tested, on the other hand, as a part payment, there was an
 
 *522
 
 absence of an absolute and unqualified acknowledgment by the alleged debtor of more being due, from which a promise might be inferred to pay the remainder claimed or a portion of it.
 

 Therefore, the contractual period of limitation, for the commencement of an action, began to run, not from December 27, '1966 when the stipulation was entered into and payment made, but from October 20, 1966, the date when this court made a final adjudication in the suit of the administratrix. The instant action, initiated in January of 1968, was well beyond the one-year period, which plaintiff contends was applicable, when measured from the final adjudication. Indeed, it is conceded that, during the pendency of the wrongful death case, defendant board possessed the authority, under article 49, to withhold payment from plaintiff "until final adjudication”. Under article 67, as noted, where the contract provides that any part of the moneys earned under the contract be retained for any periods after such acceptance, "actions to recover such retained moneys [must] be commenced within six months from the date when such retained moneys shall become payable under the terms of the contract”. Applying said provision of article 67, plaintiff only had six months from the final adjudication of October 20, 1966, as specified in article 49, to commence its action seeking recovery.
 

 This action was instituted after the claim was barred.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed.
 

 *
 

 No argument is made nor could be sustained that section 17-101 of the General Obligations Law would not be applicable because a contractual period of limitation, rather than one expressly prescribed by article 2 of the CPLR, is involved (cf. CPLR 201;
 
 Hamilton v Royal Ins. Co.,
 
 156 NY 327; 2 Carmody-Wait 2d, NY Prac, § 13:6).