OPINION OF THE COURT
Chief Judge Cooke.
When a putative father has acknowledged paternity either in writing or through the furnishing of support payments, the time within which a paternity proceeding must be brought is not restricted by any statutory limitation.
Petitioner commenced this paternity proceeding in July, 1978, six and one-half years after her child was born. The Family Court denied respondent’s motion to dismiss the *429 matter as untimely. The Appellate Division reversed and granted the motion, holding that the proceeding was barred because it was not commenced within two years of the last of 39 separate support payments respondent made between February, 1974 and October, 1975.
Subdivision (a) of section 517 of the Family Court Act sets forth the time limits for bringing such proceedings. It provides: “Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support, or unless the mother is under the age of eighteen years, in which case the time limitation is extended until two years after the mother reaches the age of eighteen years.”
Respondent urges, and the court below held, that, although the statute permits the bringing of paternity proceedings based on acknowledgment of paternity by the putative father more than two years after the birth of the child, such acknowledgment serves only to start the two-year statutory period running anew. Inasmuch as petitioner failed to bring the proceeding within two years of respondent’s last act of acknowledgment, the court reasoned that it was untimely.
On its face, the plain language of the statute lends no support to the conclusion that a putative father’s acknowledgment merely renews the Statute of Limitations. The statute, after establishing a general two-year limitations period for bringing a paternity petition, expressly excepts situations when paternity has been acknowledged by the father or when the mother is under 18 years of age. Only in the latter of these two exceptions is another time limit imposed; no new limit is stated when the extension is founded on the father’s acts of acknowledgment.
Respondent analogizes acknowledgment of paternity by a father to part payment of a debt, which at common law starts the Statute of Limitations running anew on contract actions (see Restatement, Contracts, § 86). This analogy is inapposite. The part payment of a debt renews the Statute of Limitations because it constitutes a new implied prom *430 ise to pay (see Roth v Michelson, 55 NY2d 278, 281; Morris Demolition Co. v Board of Educ., 40 NY2d 516, 520-522; see, generally, Calamari & Perillo, Contracts [2d ed], § 5-7, at p 186). The policy that imputes a new promise as between two private contractual parties is analogous to a putative father’s act of acknowledgment only insofar as both acts revive the opportunity to prosecute a claim that would otherwise be time-barred. In the absence of a legislative directive limiting the time within which the revived paternity proceeding must be brought, however, and in light of the strong public policy that obligates a parent to support his or her child (see Family Ct Act, § 513; Schaschlo v Taishoff 2 NY2d 408, 411), there exists no basis to hold that acknowledgment serves only to renew the Statute of Limitations.
Finally, respondent’s concern that failure to require a specific time at which such paternity claims must be extinguished would prejudice a putative father by exposing him to stale claims against which he would be unable to marshal a defense is misplaced. To avoid the Statute of Limitations, a mother must establish by clear and convincing evidence that paternity has been acknowledged (see Matter of Dorn “HH” v Lawrence “II”, 31 NY2d 154, 158, n 4). Thus, the putative father may still seek the protection of the statute by controverting the basis for his payments. Moreover, recent advances in blood typing provide strong defenses (see Family Ct Act, § 532; Joint AMA-ABA Guidelines: Present Status of Serologic Testing in Problems of Disputed Parentage, 10 Family LQ 247, 256). Finally, the father’s affirmative acts of acknowledgment themselves argue against claims of surprise or prejudice.
Accordingly, the order of the Appellate Division should be reversed and the order of the Family Court, Richmond County, reinstated.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.