■ STEPHEN N. BOBROW, Appellant, v BETTY J. BOBROW et al., Respondents. (Action No. 1.) BETTY J. BOBROW, Respondent, v STEPHEN N. BOBROW, Appellant. (Action No. 2.)—Order, Supreme Court, New York County (William J. Davis, J.), entered January 28, 1991, which, upon reargument *inter alia,* granted the motion of defendant-appellant Stephen N. Bobrow insofar as to dismiss Action No. 2 and implicitly vacated consolidation, granted defendant-respondent Betty J. Bobrow leave to amend her counterclaims and which otherwise adhered to its prior decision and order entered June 8, 1990 wherein the Court had *inter alia,* denied plaintiff-appellant Stephen N. Bobrow's motion for both summary judgment in Action No. 1 and to dismiss defendant-respondent Betty J.

Bobrow's counterclaims therein, unanimously affirmed, with costs.

The court properly denied Stephen Bobrow's motion to dismiss Betty Bobrow's claims based upon loans, payable on demand, made more than six years prior to commencement of the action, since she alleged the Statute of Limitations had been tolled by part payment *(see, Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521). This claim of part payment and the circumstances surrounding the February 14, 1977 assignment create triable issues of material fact barring summary judgment. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.) For these very same reasons, the court committed no error in permitting Betty Bobrow leave to amend, so as to assert her counterclaims based upon additional loans, more than six years prior to commencement of the action. Also, there is sufficient evidence in the record to create a triable issue as to whether Stephen Bobrow had individually guaranteed or was the beneficiary of certain loans made to corporate entities, so as to render him personally liable thereon *(supra)*.

We reject any suggestion that *dictum* contained in a prior order granting Stephen Bobrow's motion to appoint a receiver for the family partnership, constituted law of the case with respect to his claim for partnership distributions, since the prior order was not a judicial determination of the merits of his claim *(see, Martin v City of Cohoes,* 37 NY2d 162, 165). Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.