■ ESTATE OF HENRY M. BONIS, JR., Deceased, by DIANNE VAN LAER, as Executor, Appellant, v RUDY DJABBARZADEH, Respondent. [666 NYS2d 12] —In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated September 30, 1996, which granted the defendant's motion for summary judgment dismissing the action as untimely.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly applied New York law in determining whether this action was timely commenced (*see,* CPLR 202). The plaintiff does not dispute that the note in question was a demand note such that, under New York law, the six-year limitations period on an action to recover on the note began running at the time of its execution (*see,* CPLR 213; *Phoenix Acquisition Corp. v Campcore, Inc.,* 81 NY2d 138, 143; *Bank of N. Y. v Bersani,* 90 AD2d 302). Absent a toll or extension, the limitations period in this case expired on May 15, 1995, more than four months prior to commencement of this action.

We find no merit to the plaintiff's contention that the limitation period was extended pursuant to General Obligations Law § 17-101. Even assuming that the author of the document relied upon by the plaintiff was acting on behalf of the defendant in his individual capacity, the document was inconsistent with any intent to repay the debt, such that it did not constitute an acknowledgment (*see, Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, 521; *National Westminster Bank v Petito*, 202 AD2d 193). Under the circumstances, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the action. Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.