■ WINSTON CHIU, Respondent-Appellant, v 1-9 BOND STREET REALTY, INC., et al., Appellants-Respondents. [913 NYS2d 158]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 11, 2009, which denied defendants' motion to dismiss the complaint and granted their alternative request to remove the action to Civil Court, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Defendants argue that this action to recover on a promissory note is time-barred because it was not commenced within six years after the note's end date (CPLR 213 [2]). However, defendant 1-9 Bond Street Realty, the obligor, made regular monthly installment payments after the end date and discontinued the payments only in the belief that its obligations under the note were satisfied. This conduct unequivocally evinced an intent to satisfy those obligations. Thus, the limitations period as to the balance, if any, on the note began to run when 1-9 Bond Street Realty ceased making payments in December 2005 (see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]; Roth v Michelson, 55 NY2d 278, 281 [1982]; National Heritage Life Ins. Co. in Liquidation v Hill St. Assoc., 262 AD2d 378 [1999]).

Defendant Man Choi Chiu argues that the action should be dismissed as to him because plaintiff failed to give him notice of 1-9 Bond Street Realty's default. However, the note did not explicitly require notice to the guarantor of the obligor's default; it stated only that plaintiff would be permitted to proceed against the guarantor upon a "declared default" or the insolvency of the obligor. In any event, the complaint alleges that due demand was made of the obligor corporation, and the guarantor was the lone principal of the corporation.

The court correctly denied plaintiff's cross motion for summary judgment, since the court did not give notice of an intent to convert defendants' motion to dismiss pursuant to CPLR 3211 to a motion for summary judgment (CPLR 3212), and we find, contrary to plaintiff's contention, that defendants did not chart a summary judgment course. Defendants' papers centered on the statute of limitations issue, not the merits of the case.

Based on its reasonable inference that plaintiff's damages may be substantially less than the $200,000 demanded in the complaint, the court properly granted defendants' motion to remove this action to Civil Court (see CPLR 325 [d]). Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.