Sudit v Eliav (2020 NY Slip Op 02086)





Sudit v Eliav


2020 NY Slip Op 02086


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-12799
 (Index No. 33333/05)

[*1]Vladimir Sudit, etc., appellant, 
v
Eli Eliav, et al., respondents, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Albanese & Albanese LLP, Garden City, NY (Barry A. Oster of counsel), for respondent Eli Eliav.
Fidelity National Law Group, New York, NY (Frank Longobardi and Joyce A. Davis of counsel), for respondent Bank of America, N.A.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 21, 2016. The order granted the separate motions of the defendants Eli Eliav and Bank of America, N.A., for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In August 1997, Lefferts Homes, Inc. (hereinafter Lefferts), obtained financing from The Community Preservation Corporation for a condominium conversion and related construction at a building in Brooklyn consisting of 30 units, and the financing was secured by two separate mortgages. Each mortgage provided that once the units were sold to the initial purchasers, a release payment would be made to the lienholder from the purchase price paid for the unit, thereby releasing the unit from the lien of the mortgage. Subsequently, in December 1997, the mortgages were assigned to the plaintiff. Thereafter, by a consolidation and extension agreement recorded on March 6, 1998, the mortgages were consolidated into one lien in the total amount of $3,300,000, which was secured by the property and all 30 units (hereinafter the subject mortgage). The terms of the subject mortgage provided that the entire amount owed thereunder was due by September 11, 1998.
Yehuda A. Hershkop and Devora Hershkop (hereinafter together the Hershkops) purchased a unit (hereinafter the subject unit) from Lefferts on January 14, 1999. At that time, the Hershkops tendered the release payment to the plaintiff's attorney, in his capacity as an attorney, as well as a separate check payable to the plaintiff's attorney individually to prepare the paperwork related to the release of the subject unit from the subject mortgage. Thereafter, on October 25, 2002, the defendant Eli Eliav purchased the subject unit from the Hershkops. Eliav obtained a loan from the defendant Bank of America, N.A. (hereinafter BOA), in April 2005, which was secured by a mortgage on the subject unit.
On October 28, 2005, the plaintiff commenced this action against Eliav and BOA, [*2]among others, to foreclose the subject mortgage on the subject unit. In an order dated September 21, 2016, the Supreme Court granted the separate motions of Eliav and BOA for summary judgment dismissing the amended complaint insofar as asserted against each of them on the ground that the action was barred by the statute of limitations. The plaintiff appeals.
"An action to foreclose a mortgage is subject to a six-year statute of limitations" (see CPLR 213[4]). Here, Eliav and BOA established that the six-year statute of limitations began to run on the debt on September 11, 1998, pursuant to the terms of the subject mortgage. Since the plaintiff did not commence this action until October 28, 2005, Eliav and BOA met their initial burden of demonstrating, prima facie, that this action was untimely (see e.g. Milone v US Bank N.A., 164 AD3d 145, 153).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the release payments made under the subject mortgage constituted partial payments which tolled the statute of limitations and acknowledged that the debt was still owed is without merit. "In order that a part payment shall have the effect of tolling the time-limitation period, under the statute or pursuant to the contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; see Education Resources Inst., Inc. v Piazza, 17 AD3d 513, 514; see also CPLR 213[4]). Here, the plaintiff failed to produce a written agreement or any other evidence that the tender of the release payment was intended to be a partial payment against or acknowledgment of a further debt (see Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 734) or was made with the intent to pay the remainder (see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947; U.S. Bank N.A. v Martin, 144 AD3d 891, 892-893).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the separate motions of Eliav and BOA for summary judgment dismissing the amended complaint insofar as asserted against each of them on the ground that the statute of limitations had not been tolled and, thus, this action was time-barred (see CPLR 213[4]; see generally Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521; Education Resources Inst., Inc. v Piazza, 17 AD3d at 514).
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court