U.S. Bank Trust, N.A. v Deceus (2020 NY Slip Op 04989)





U.S. Bank Trust, N.A. v Deceus


2020 NY Slip Op 04989


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2019-07889
 (Index No. 703095/17)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Marie Deceus, respondent, et al., defendants.


Hogan Lovells US LLP, New York, NY (Chenxi Jiao, Allison J. Schoenthal, Chava Brandriss, and Richard A. Sillett of counsel), for appellant.
Queens Volunteer Lawyers Project, Inc., Jamaica, NY (Justin Auslaender of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered May 20, 2019. The order granted the motion of the defendant Marie Deceus for leave to renew her prior cross motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred, which had been denied in an order of the same court (Diccia T. Pineda-Kirwan, J.) entered April 25, 2018, and, upon renewal, in effect, vacated the determination in the order entered April 25, 2018, denying that defendant's prior cross motion, and thereupon granted that defendant's prior cross motion.
ORDERED that the order entered May 20, 2019, is affirmed, with costs.
On June 8, 2009, nonparty BAC Home Loans Servicing, L.P. (hereinafter BAC), commenced an action to foreclose a mortgage against the defendant Marie Deceus, among others. That action was discontinued by stipulation dated May 22, 2013. That stipulation was silent as to de-acceleration.
The plaintiff, the successor in interest to BAC, commenced this action against Deceus, among others, on March 6, 2017, almost eight years after the mortgage debt was originally accelerated. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Deceus and for an order of reference. Deceus cross-moved for summary judgment dismissing the complaint insofar as asserted against her, on the ground, inter alia, that the action was time-barred. In an order entered April 25, 2018, the Supreme Court denied both the motion and the cross motion. Deceus moved for leave to renew her cross motion. In an order entered May 20, 2019, the court granted renewal, and upon renewal, granted Deceus's prior cross motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly granted leave to renew on the ground that there had been a change in the law (see CPLR 2221[e]; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632, lv granted in part 33 NY3d 1039).
We agree with the Supreme Court that Deceus established, prima facie, that the instant action was time-barred. A stipulation of discontinuance does not constitute a de-acceleration of the debt, where, as here, "the stipulation was silent on the issue of the revocation of the election to accelerate, and did not otherwise indicate that the plaintiff would accept installment payments from the defendant" (Freedom Mtge. Corp. v Engel, 163 AD3d at 633). In opposition, the plaintiff failed to raise a triable issue of fact.
The contention raised at Point II.B. of the plaintiff's brief, raised for the first time on appeal, is not properly before this Court (see Emigrant Funding Corp. v Kensington Realty Group Corp., 178 AD3d 1020, 1022).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court