Bank of N.Y. Mellon Corp. v Alvarado (2020 NY Slip Op 07530)





Bank of N.Y. Mellon Corp. v Alvarado


2020 NY Slip Op 07530


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-13298
2018-13300
 (Index No. 713239/15)

[*1]Bank of New York Mellon Corporation, etc., appellant, 
v
Gregorio Alvarado, et al., respondents, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold Kofman of counsel), for appellant.
Carl E. Person, New York, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered February 17, 2017, and (2) an order of the same court entered September 20, 2018. The order entered February 17, 2017, insofar as appealed from, denied the plaintiff's motion, inter alia, for an order of reference and granted the motion of the defendants Gregorio Alvarado and Jose DeLeon for leave to serve a late answer. The order entered September 20, 2018, granted that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred.
ORDERED that the order entered February 17, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered September 20, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Gregorio Alvarado and Jose DeLeon.
On or about November 9, 2009, the plaintiff commenced an action to foreclose a mortgage against the defendants Gregorio Alvarado and Jose DeLeon (hereinafter together the defendants), among others. That action was discontinued by stipulation dated April 26, 2012.
In December 2015, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. The defendants moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred. By order entered June 3, 2016, the Supreme Court granted the defendants' motion "only to the extent that the complaint relates to unpaid mortgage installments which accrued prior to December 23, 2009[,]" but otherwise denied the motion. The defendants were served with a copy of the order with notice of entry on June 15, 2016.
The defendants did not serve an answer and, on July 5, 2016, the plaintiff moved, inter alia, for an order of reference. On July 14, 2016, the defendants moved for leave to renew their prior motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint. Thereafter, on August 16, 2016, the defendants moved for leave to serve a late answer. By order entered February 17, 2017, the Supreme Court, among other things, denied the plaintiff's motion, and granted the defendants' motion for leave to serve a late answer.
The defendants subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred. By order entered September 20, 2018, the Supreme Court granted that branch of the defendants' motion. The plaintiff appeals from the orders entered February 17, 2017, and September 20, 2018.
We agree with the Supreme Court's determination to grant the defendants' motion for leave to serve a late answer. The record demonstrates that the defendants acted diligently and never intended to abandon their defense (see Settles v OneWest Bank, FSB, 186 AD3d 1551; Vellucci v Home Depot U.S.A., Inc., 102 AD3d 767, 768; Arias v First Presbyt. Church in Jamaica, 97 AD3d 712, 712). Furthermore, "[i]n light of the lack of prejudice to the plaintiff resulting from the [defendants'] short delay in serving an answer, the lack of willfulness on the part of the [defendants], the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits," the court providently exercised its discretion in granting the defendants' motion for leave to serve a late answer (Vellucci v Home Depot U.S.A., Inc., 102 AD3d at 768; see Spence v Davis, 139 AD3d 703, 704; Grammas v Lockwood Assoc., LLC, 107 AD3d 947).
We also agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt'" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935, quoting Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]). "Acceleration occurs, among other things, by the commencement of a foreclosure action" (Wells Fargo Bank, N.A. v Hussain, 186 AD3d 1459, 1462; see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632 [internal quotation marks omitted]; see Christiana Trust v Barua, 184 AD3d 140).
Here, the defendants demonstrated, prima facie, that the instant action was time-barred and, in opposition, the plaintiff failed to raise a triable issue of fact (see Sudit v Eliav, 181 AD3d 955, 956). Contrary to the plaintiff's contention, the stipulation of discontinuance did not constitute a de-acceleration of the debt where, as here, "the stipulation was silent on the issue of the revocation of the election to accelerate, and did not otherwise indicate that the plaintiff would accept installment payments from the defendant" (U.S. Bank Trust, N.A. v Deceus, 186 AD3d 1450, 1451; see Ditech Financial, LLC v Naidu, 175 AD3d 1387, 1389-1390, lv granted 34 NY3d 910). Indeed, "a lender's mere act of discontinuing an action, without more, does not constitute, in and of itself, an affirmative act revoking an earlier acceleration of the debt" (Christiana Trust v Barua, 184 AD3d at 146-147; see Wells Fargo Bank, N.A. v Hussain, 186 AD3d at 1462). In addition, contrary to the plaintiff's contention, "[t]he notice period of RPAPL 1304 does not operate to toll the statute of limitations" (Christiana Trust v Barua, 184 AD3d at 151). Finally, the plaintiff's contention that the purported payments made by the defendants in 2010 under the subject mortgage constituted partial payments which tolled the statute of limitations and an acknowledgment that the debt was still owed is unsupported by admissible evidence and without merit (see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; Sudit v Eliav, 181 AD3d at 957; U.S. Bank N.A. v Martin, 144 AD3d 891, 892-893).
Accordingly, we affirm the order entered February 17, 2017, insofar as appealed from, and affirm the order entered September 20, 2018.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court