# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 84
Federal National Mortgage
Association, &c.,
     Appellant,
    v.
Maxi Jeanty, &c. et al.,
     Respondents,
et al.,
     Defendants.

Adam M. Swanson, for appellant.
Brian McCaffrey, for respondents.
Legal Services NYC, et al., amici curiae.

MEMORANDUM:

The order of the Appellate Division should be reversed, with costs, plaintiff's

motion for summary judgment on the complaint as against defendants Maxi Jeanty and

- 1 -

Sherley Jeanty and for an order of reference granted, and the Jeanty defendants' cross motion for summary judgment denied.

In this mortgage foreclosure action, plaintiff contends that Supreme Court erred in concluding that the complaint was timely inasmuch as Maxi Jeanty (debtor) made four payments between August 2009 and March 2010 on account of the mortgage debt which were effective pursuant to General Obligations Law § 17-107 (1) to make the statute of limitations begin running anew on the date of the last such payment. We agree. Plaintiff met its prima facie burden on its motion, insofar as is relevant here, by submitting evidence that, after entering a Home Affordable Modification Trial Payment Plan (the Plan), the debtor made a total of seven payments from April 2009 through March 2010, each in an amount exceeding that of the regular installment payments required under the loan documents prior to the acceleration of the debt in August 2008. The first three payments were required pursuant to the Plan, but the remaining four were not. Those four payments established circumstances amounting to "an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]; *see* General Obligations Law § 17-107 [1]). In response, the Jeanty defendants failed to raise a triable issue of fact. Those defendants submitted no evidence which calls into question whether such a promise may be inferred from the debtor's acknowledgement of the debt. Because the six-year statute of limitations began running anew in March 2010 (*see* § 17-107 [1]; CPLR 213 [4]), the action was timely commenced in March 2015.

In light of our determination, we do not address plaintiff's remaining contentions.

Order reversed, with costs, plaintiff's motion for summary judgment on the complaint as against defendants Maxi Jeanty and Sherley Jeanty and for an order of reference granted, and the Jeanty defendants' cross motion for summary judgment denied, in a memorandum. Acting Chief Judge Cannataro and Judges Rivera, Garcia, Wilson, Singas and Troutman concur.

Decided November 17, 2022