Costello v Curan & Ahlers, LLP (2024 NY Slip Op 00758)

Costello v Curan & Ahlers, LLP

2024 NY Slip Op 00758

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-08528
 (Index No. 58874/21)

[*1]William F. Costello, appellant, 
v
Curan & Ahlers, LLP, et al., respondents.

William F. Costello, Bronx, NY, appellant pro se.
Curan & Ahlers, LLP, White Plains, NY (Keith J. Ahlers pro se of counsel), respondent pro se and for respondent Keith J. Ahlers.

DECISION & ORDER
In an action to recover damages for breach of contract and violations of Labor Law § 193, the plaintiff appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated September 26, 2022. The order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated February 28, 2022, as denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought to recover damages that accrued prior to June 30, 2015, and thereupon, granted that branch of the defendants' motion.
ORDERED that the order dated September 26, 2022, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated February 28, 2022, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought to recover damages that accrued prior to June 30, 2015, is adhered to.
The factual background and procedural history for this appeal are set forth in greater detail in our decision and order on a related appeal (Costello v Curan & Ahlers, LLP, ___ AD3d ___ [Appellate Division Docket No. 2022-02566; decided herewith]). As relevant here, on June 30, 2021, the plaintiff commenced this action, asserting causes of action sounding in breach of contract and violations of Labor Law § 193 based on allegations that the defendants failed to pay him for work that he performed while employed by the defendants. The defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss so much of the complaint as sought to recover damages that accrued prior to June 30, 2015, the cause of action alleging violations of Labor Law § 193, and the complaint insofar as asserted against the defendant Keith J. Ahlers. In an order dated February 28, 2022, the Supreme Court denied the motion.
The defendants then moved, inter alia, for leave to reargue that branch of their motion which was to dismiss so much of the complaint as sought to recover damages that accrued prior to June 30, 2015, as time-barred. In an order dated September 26, 2022, the Supreme Court, among other things, upon reargument, granted that branch of the defendants' prior motion. The plaintiff appeals, arguing that, upon reargument, the court erred in concluding that he failed to raise a question [*2]of fact as to whether the statute of limitations was tolled or revived.
"In resolving a motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference" (U.S. Bank Trust, N.A. v Miele, 186 AD3d 526, 527-528 [internal quotation marks omitted]). "'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired'" (Hall v Bolognese, 210 AD3d 958, 961, quoting Osborn v DeChiara, 165 AD3d 1270, 1271). As part of this burden, a defendant is required to establish when the cause of action accrued (see 21st Mtge. Corp. v Balliraj, 177 AD3d 687, 688). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Nail, 203 AD3d 1095, 1097 [internal quotation marks omitted]).
Here, the applicable statute of limitations for both causes of action is six years (see CPLR 213[2]; Labor Law § 198[3]). "'Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff possesses a legal right to demand payment,'" not when the plaintiff actually made the demand (Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 36-37, quoting Swift v New York Med. Coll., 25 AD3d 686, 687).
The defendants met their prima facie burden of establishing that any claims accruing prior to June 30, 2015, were time-barred. However, contrary to the Supreme Court's determination, the plaintiff raised a question of fact as to whether the statute of limitations was tolled or revived.
There is a "long-standing common law rule" that partial payment of a debt, if made under "circumstances from which a promise to honor the obligation may be inferred," will operate to start the statute of limitations running anew from the time the partial payment is made (Roth v Michelson, 55 NY2d 278, 281; see Matter of Vicki B. v David H., 57 NY2d 427, 429-430). To show that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was accompanied by circumstances amounting to "an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521, citing Crow v Gleason, 141 NY 489, 493; see RTT Holdings, LLC v Nacht, 206 AD3d 834, 836).
Here, the plaintiff alleged that, over a course of years, the defendants made repeated assurances that they would pay him salary and bonus money that he was owed pursuant to his employment arrangement. Further, he alleged that the defendants made a partial payment of outstanding bonus money to the plaintiff on July 17, 2015, within the statute of limitations. Under these circumstances, the plaintiff raised a question of fact as to whether the statute of limitations was tolled or revived (see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521; RTT Holdings, LLC v Nacht, 206 AD3d at 836; Matter of McDonald, 79 AD2d 754, 755).
The Supreme Court erroneously concluded that the plaintiff was required to show a writing in order to meet his burden of raising a question of fact as to whether the statute of limitations was tolled or revived by virtue of partial payment. Unlike General Obligations Law § 17-101, which is applicable when a party seeks to show that a statute of limitations is tolled by a written acknowledgment, there need not be a writing in order for a plaintiff to demonstrate that the statute of limitations is tolled or revived by reason of partial payment (see generally Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521).
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court