Comito v Z & N Enters. Corp. (2024 NY Slip Op 04124)

Comito v Z & N Enters. Corp.

2024 NY Slip Op 04124

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-07218
 (Index No. 511236/15)

[*1]Anthony Comito, et al., respondents, 
v
Z and N Enterprises Corp., et al., appellants, et al., defendants.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellants.
Harfenist Kraut & Perlstein LLP, Lake Success, NY (Allen Perlstein, Andrew C. Lang, and Neil Torczyner of counsel), for respondents.

DECISION & ORDER
In an action to foreclose three mortgages, the defendants Z and N Enterprises Corp., Zion Tarazi, and Hollywood Auto Body & Repair, Inc., appeal from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), entered July 27, 2022. The judgment, upon an order of the same court dated August 4, 2020, granting those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, denying those defendants' cross-motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, and referring the matter to a referee to compute the amount due on the loans, inter alia, directed the sale of the subject property.
ORDERED that the judgment is reversed, on the law, with costs, those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Z and N Enterprises Corp., Zion Tarazi, and Hollywood Auto Body & Repair, Inc., and for an order of reference, are denied, and the order dated August 4, 2020, is modified accordingly.
In February 1990, the defendant Zion Tarazi executed a mortgage (hereinafter the first mortgage) in favor of the plaintiff Anthony Comito and nonparty Alexander Wasserman on certain real property located in Brooklyn in order to secure a note given to those parties in the sum of $70,000. Upon the death of Wasserman, his estate assigned his interest in that mortgage to Comito and Morris Flyer. On March 24, 2008, Comito, Morris Flyer, and Tarazi entered into a written agreement modifying and extending the note secured by the first mortgage.
Meanwhile, Tarazi had executed a second note and mortgage (hereinafter the second mortgage) in February 2007, in favor of Comito and Mark Flyer, to secure a debt in the sum of $100,000, and a third note and mortgage (hereinafter the third mortgage) in March 2008, in favor of Comito and Morris Flyer, to secure a debt in the sum of $60,000. Both the second and third mortgages also encumbered the subject property. The first, second, and third mortgages became due, respectively, in May 2009, April 2008, and March 2009.
In September 2015, the plaintiffs commenced this action to foreclose the subject [*2]mortgages against, among others, Tarazi, the defendant Z and N Enterprises Corp., which allegedly owned the property, and the defendant Hollywood Auto Body & Repair, Inc., the alleged tenant of the property (hereinafter collectively the defendants). The plaintiffs subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
In an order dated August 4, 2020, the Supreme Court, among other things, granted those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference and denied the defendants' cross-motion. A judgment of foreclosure and sale was entered on July 27, 2022, inter alia, directing the sale of the property. The defendants appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (RTT Holdings, LLC v Nacht, 206 AD3d 834, 835). "If such prima facie showing is made, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (id. at 835).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). Here, the defendants met their prima facie burden of establishing that this action was time-barred by demonstrating that the notes matured and became due in May 2009, April 2008, and March 2009, and that this action was not commenced until September 2015, more than six years later.
However, in opposition, the plaintiffs raised a question of fact as to whether the statute of limitations was renewed with respect to any of the mortgages by partial payments made by Tarazi. "[A] partial payment 'on account of the indebtedness secured by a mortgage,' is effective to revive an action to recover such indebtedness in favor of the mortgagee" (Petito v Piffath, 85 NY2d 1, 7, quoting General Obligations Law § 17-107[2][b]), provided that the payment was "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; see Fed. Natl. Mtge. Assn. v Jeanty, 39 NY3d 951, 952). Here, the plaintiffs submitted, among other things, evidence that Tarazi had affirmed (in an unrelated action) that he had made payment on "the mortgage" by check payable to Comito in the amount of $1,087, on June 23, 2014. Furthermore, the plaintiffs averred to having received partial payments after maturation of the notes, as late as 2015. However, the plaintiffs' evidence did not establish to which of the three mortgages these payments related. Accordingly, triable issues of fact exist as to whether the statute of limitations was renewed as to any of the mortgages.
The Supreme Court, therefore, properly denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
However, since there exist triable issues of fact as to whether at least some of the foreclosure claims are time-barred, the Supreme Court erred in granting those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. Furthermore, although the plaintiff otherwise demonstrated its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendants by producing the underlying mortgages, the unpaid notes, and evidence of default in the form of Comito's affidavit averring to his personal knowledge of Tarazi's default (see Deutsche Bank Natl. Tr. Co. v Kavovit, 220 AD3d 842; see generally GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967; Bank of New York Mellon v Gordon, 171 AD3d 197, 206), the defendants raised a triable issue of fact in opposition through Tarazi's affirmation and deposition testimony asserting that he had paid the debts.
We therefore reverse the judgment of foreclosure and sale, and deny those branches [*3]of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court