Deutsche Bank Natl. Trust Co. v Hasty (2026 NY Slip Op 01182)

Deutsche Bank Natl. Trust Co. v Hasty

2026 NY Slip Op 01182

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-02403
 (Index No. 522/17)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vElizabeth Hasty, appellant, et al., defendants.

Elizabeth Hasty, Roosevelt, NY, appellant pro se.
Hinshaw & Culbertson LLP, New York, NY (Leah R. Lenz and Charles W. Miller III of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elizabeth Hasty appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered January 26, 2024. The order denied that defendant's motion, inter alia, for leave to renew her prior motion, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and her opposition to the plaintiff's prior renewed cross-motion, among other things, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, which was granted in an order of the same court dated July 17, 2019.
ORDERED that the order entered January 26, 2024, is affirmed, with costs.
In August 2005, the defendant Elizabeth Hasty (hereinafter the defendant) executed a note secured by a mortgage on certain real property located in Roosevelt. In March 2010, the plaintiff commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2010 action). By order entered August 9, 2012, the Supreme Court directed dismissal of the complaint in the 2010 action as abandoned pursuant to CPLR 3215(c).
In January 2017, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an amended answer asserting various affirmative defenses, including the expiration of the statute of limitations. Thereafter, the defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The plaintiff opposed the motion and cross-moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's amended answer, and for an order of reference. By order entered May 2, 2018, the Supreme Court directed that a hearing be held to determine issues relating to the defendant's statute of limitations defense, noting that a factual dispute existed as to whether the limitations period was renewed by two payments made in 2014 and denied the cross-motion, with leave to renew.
In a decision entered January 11, 2019, made after a hearing, the Supreme Court determined that the plaintiff established that the defendant made two separate payments on the mortgage loan in 2014, which, pursuant to General Obligations Law § 17-107, reset the statute of [*2]limitations. Thereafter, this action was referred to the Foreclosure Part for further proceedings. In an order dated July 17, 2019, the court granted the plaintiff's renewed cross-motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's amended answer, and for an order of reference.
After additional motion practice, in August 2023, the defendant moved, among other things, for leave to renew her prior motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and her opposition to the plaintiff's prior renewed cross-motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference based upon, inter alia, newly-discovered evidence and changes in the law contained in the Foreclosure Abuse and Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). In an order entered January 26, 2024, the Supreme Court denied the motion. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "'Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Deutsche Bank Natl. Trust Co. v Sylvestre, 238 AD3d 980, 983, quoting Mooklal v Clermont Farm Corp., 187 AD3d 740, 741).
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
Here, the mortgage debt was accelerated in March 2010 by the commencement of the 2010 action, and this action was commenced in January 2017, more than six years later. Nevertheless, "a partial payment 'on account of the indebtedness secured by a mortgage,' is effective to revive an action to recover such indebtedness in favor of the mortgagee" (Petito v Piffath, 85 NY2d 1, 7, quoting General Obligations Law § 17-107[2][b]; see Comito v Z & N Enters. Corp., 230 AD3d 469, 471), provided that the payment was "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; see Comito v Z & N Enters. Corp., 230 AD3d at 471).
Contrary to the defendant's contention, she failed to present new facts or evidence that would change the Supreme Court's prior determination (see CPLR 2221[e][2]) that the voluntary 2014 payments were "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521) and, thus, reset the statute of limitations (see HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 723-724). The alleged new evidence proffered by the defendant failed to establish that the 2014 payments were conditioned upon a loan modification and made for the purpose of attempting to reach such a modification plan or agreement and, as such, were not an unqualified acknowledgment of the full debt (cf. Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1056). The defendant also failed to demonstrate that there had been a change in the law that would have altered the prior determination (see CPLR 2221[e][2]; Citimortgage, Inc. v Warsi, 212 AD3d 592, 594), as FAPA did not amend General Obligations Law § 17-107, which formed the basis of the court's determination with respect to the statute of limitations.
Accordingly, the Supreme Court properly denied the defendant's motion, among other [*3]things, for leave to renew her prior motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and her opposition to the plaintiff's prior renewed cross-motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's amended answer, and for an order of reference.
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court