Deutsche Bank Natl. Trust Co. v Gordon (2020 NY Slip Op 00261)





Deutsche Bank Natl. Trust Co. v Gordon


2020 NY Slip Op 00261


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-00695
 (Index No. 7616/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Carol A. Gordon, appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young and Justin F. Pane of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth Flickinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carol A. Gordon appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 9, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaims to cancel and discharge the subject mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, affirmative defense, and counterclaims, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendant Carol A. Gordon which were for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaims to cancel and discharge the subject mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 are granted, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, affirmative defense, and counterclaims, and for an order of reference are denied, and the matter is remitted to the Supreme Court, Nassau County, for a hearing, to be held forthwith, to determine the amount of attorneys' fees and expenses to be awarded to the defendant Carol A. Gordon pursuant to Real Property Law § 282, and thereafter for the entry of a judgment canceling and discharging the subject mortgage and awarding such attorneys' fees and expenses.
In October 2006, the defendant Carol A. Gordon (hereinafter the defendant) borrowed the sum of $647,500 from Home Funds Direct. The loan was memorialized by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems (hereinafter MERS), as nominee for Home Funds Direct. The defendant eventually defaulted on her payment obligations by failing to pay the monthly installment of principal and interest that was due on January 1, 2008, or any monthly installment thereafter.
On April 8, 2008, Accredited Home Lenders, Inc. (hereinafter Accredited), the successor by merger to Home Funds Direct, commenced an action against, among others, the [*2]defendant to foreclose the mortgage (hereinafter the 2008 foreclosure action). The defendant failed to appear or answer, and Accredited obtained an order of reference on default entered August 1, 2008. A judgment of foreclosure and sale was entered on October 6, 2008. A foreclosure sale was scheduled, but on October 26, 2009, Accredited moved to discontinue the action and vacate the judgment of foreclosure and sale. While Accredited's motion was pending, the plaintiff, Accredited's assignee, commenced an action to foreclose the mortgage on December 10, 2009 (hereinafter the 2009 foreclosure action). Thereafter, by order entered February 8, 2010, the Supreme Court granted Accredited's motion to discontinue the 2008 foreclosure action.
The defendant subsequently moved to dismiss the 2009 complaint insofar as asserted against her for lack of personal jurisdiction. Following a hearing to determine the validity of service of process upon the defendant, the Supreme Court, in an order entered April 17, 2013, granted the defendant's motion. By decision and order dated June 10, 2015, this Court affirmed the order entered April 17, 2013 (see Deutsche Bank Natl. Trust Co. v Gordon, 129 AD3d 769).
Thereafter, on August 24, 2015, the plaintiff commenced this action to foreclose the subject mortgage. The defendant answered and asserted, as an affirmative defense, that the action was barred by the statute of limitations. The defendant also asserted counterclaims, inter alia, to cancel and discharge the mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred and for summary judgment on her counterclaims to cancel and discharge the mortgage pursuant to RPAPL 1501(4) and for an award of attorneys fees and expenses pursuant to Real Property Law § 282. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, affirmative defense, and counterclaims, and for an order of reference. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632, lv granted in part 33 NY3d 1039; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (see Freedom Mtge. Corp. v Engel, 163 AD3d at 632, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]; see Milone v US Bank N.A., 164 AD3d 145, 154; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935).
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Mizrahi v US Bank, N.A., 156 AD3d 617, 618).
Here, the defendant demonstrated that the six-year statute of limitations began to run on April 8, 2008, when then plaintiff's predecessor-in-interest accelerated the mortgage debt through its commencement of the 2008 foreclosure action (see Freedom Mtge. Corp. v Engel, 163 AD3d at 632-633; U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892). Since the plaintiff did not commence the instant action until August 24, 2015, more than six years after April 8, 2008, the defendant established, prima facie, that the instant action was untimely (see Deutsche Bank Trust Co. Ams. v Smith, 170 AD3d 660, 660-661; 21st Mtge. Corp. v Osorio, 167 AD3d 823, 825; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809).
In opposition, the plaintiff failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935-936; Beneficial Homeowner Serv. Corp. v Tovar, 150 [*3]AD3d 657, 658; see also Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39-40).
Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge the mortgage (see 21st Mtge. Corp. v Nweke, 165 AD3d 616, 619). For the same reasons, the subject branches of the plaintiff's cross motion should have been denied.
Since, upon our reversal of the order insofar as appealed from, the defendant has succeeded in her defense against the plaintiff's action to foreclose the mortgage, she is entitled to attorneys' fees and expenses pursuant to Real Property Law § 282 (see 21st Mtge. Corp. v Nweke, 165 AD3d at 619). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing, to be held forthwith, to determine the amount of attorneys' fees and expenses to be awarded to the defendant pursuant to Real Property Law § 282, and thereafter for the entry of a judgment canceling and discharging the subject mortgage and awarding such attorneys' fees and expenses.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court