Federal Natl. Mtge. Assn. v Jeanty (2020 NY Slip Op 06502)





Federal Natl. Mtge. Assn. v Jeanty


2020 NY Slip Op 06502


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-00544
 (Index No. 502866/15)

[*1]Federal National Mortgage Association, etc., appellant,
v
Maxi Jeanty, etc., et al., respondents, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for appellant.
Brian McCaffrey, Jamaica, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 27, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Maxi Jeanty and Sherley Jeanty and for an order of reference, and granted those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2007, the defendant Maxi Jeanty (hereinafter Maxi) borrowed the sum of $384,000 from JPMorgan Chase Bank, N.A., which was secured by a mortgage encumbering residential property located in Brooklyn. On August 27, 2008, the plaintiff's predecessor in interest, Chase Home Finance, LLC (hereinafter Chase), commenced an action to foreclose the mortgage against Maxi, among others (hereinafter the 2008 action). Thereafter, Maxi executed a Home Affordable Modification Trial Period plan (hereinafter the HAMP plan), pursuant to which he represented, among other things, that he was unable to afford his mortgage payments, and agreed to make three trial payments, at a reduced rate, with the first payment being due on or before May 1, 2009. The HAMP plan provided that if Maxi was in compliance, and his representations continued to be true, Chase would offer a permanent modification agreement. It is undisputed that Maxi made seven payments, each in the amount of $2,553, over the period between April 2009 and March 2010, but was never offered a permanent modification agreement. In December 2014, Chase moved, inter alia, for a voluntary discontinuance of the 2008 action. By order dated February 13, 2015, the Supreme Court granted Chase's motion, and, among other things, discontinued the 2008 action without prejudice.
In March 2015, the plaintiff, the alleged holder of the subject note and mortgage, commenced this action against Maxi and the defendant Sherley Jeanty, a co-owner of the subject property (hereinafter together the defendants), to foreclose the same mortgage. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and the defendants cross-moved for summary judgment [*2]dismissing the complaint insofar as asserted against them. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
"Generally, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action" (Bank of N.Y. Mellon v Ahmed, 181 AD3d 634, 635; see CPLR 213[4]). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 772 [internal quotation marks omitted]; see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632, lv granted in part 33 NY3d 1039).
Here, in support of their cross motion, the defendants submitted the complaint in the 2008 action, in which Chase had expressly elected "to call due the entire amount secured by the mortgage," thus demonstrating that the mortgage was accelerated in 2008. Since the plaintiff did not commence this action until March 2015, more than six years later, the defendants sustained their initial burden of demonstrating, prima facie, that this action is time-barred (see Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d at 773; Bank of N.Y. Mellon v Alli, 175 AD3d 1472, 1473; Freedom Mtge. Corp. v Engel, 163 AD3d at 631).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was revived pursuant to General Obligations Law § 17-101, or whether the six-month saving provision of CPLR 205(a) was applicable.
"General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947 [internal quotation marks omitted]). "To constitute a valid acknowledgment, a 'writing must be signed and recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it'" (id. at 947, quoting Sichol v Crocker, 177 AD2d 842, 843; see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521). "In order to demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1056 [internal quotation marks omitted]; see General Obligations Law § 17-107; Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521).
Contrary to the plaintiff's contention, Maxi's execution of the HAMP plan, and the trial payments made pursuant thereto, did not constitute an "unconditional and unqualified acknowledgment of [the] debt sufficient to reset the statute of limitations" (Nationstar Mtge., LLC v Dorsin, 180 AD3d at 1054, 1056-1057 [internal quotation marks omitted]). Rather, because "[a]ny intention to repay the debt was conditioned on the parties reaching a permanent modification agreement . . . it cannot be said that the writing contained 'nothing inconsistent with an intention on the part of the debtor to pay' the debt" (id. at 1056, quoting Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521; see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768-769). Similarly, the trial payments made by Maxi pursuant to the HAMP plan "were made for the purpose of reaching an agreement to modify the terms of the parties' contract, and any promise to pay the remainder of the debt that could be inferred in such circumstances would merely be a promise conditioned upon the parties reaching a mutually satisfactory modification agreement" (Nationstar Mtge., LLC v Dorsin, 180 AD3d at 1057 [citation omitted]).
The plaintiff's alternative contention that it was entitled to the benefit of the six-month saving provision of CPLR 205(a) is without merit. "CPLR 205(a) extends the time to commence an action after the termination of an earlier related action, where both actions involve the same transaction or occurrence or series of transactions or occurrences" (Sokoloff v Schor, 176 AD3d 120, 126). The statute provides for a six-month grace period "where the previous action has been dismissed for any 'other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or [*3]a final judgment upon the merits'" (Lubonty v U.S. Bank N.A., 34 NY3d 250, 260, quoting CPLR 205[a]). Here, since the 2008 action was terminated by voluntary discontinuance, the instant action cannot benefit from the six-month grace period afforded by CPLR 205(a) (see Ventures Trust 2013-I-H-R v Chitbahal, 167 AD3d 682, 683-684; EB Brands Holdings, Inc. v McGladrey, LLP, 154 AD3d 646, 647-648; Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769; cf. Censor v Mead Reinsurance Corp., 176 AD2d 600, 601).
Accordingly, we agree with the Supreme Court's determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and granting the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court