U.S. Bank N.A. v Francis (2020 NY Slip Op 07944)





U.S. Bank N.A. v Francis


2020 NY Slip Op 07944


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10969
2019-00580
 (Index No. 710551/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Pauline Francis, respondent, et al., defendants.


Parker Ibrahim & Berg LLP, New York, NY (Robert N. Pollock and Ben Z. Raindorf of counsel), for appellant.
Andrea S. Gross, St. Albans, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered July 5, 2018, and (2) an order of the same court entered December 19, 2018. The order entered July 5, 2018, granted the motion of the defendant Pauline Francis pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her. The order entered December 19, 2018, denied the plaintiff's motion pursuant to CPLR 2221 for leave to renew and reargue its opposition to the motion of the defendant Pauline Francis to dismiss the complaint insofar as asserted against her.
ORDERED that the order entered July 5, 2018, is affirmed; and it is further,
ORDERED that the appeal from so much of the order entered December 19, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered December 19, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Pauline Francis.
On October 6, 2006, the defendant Pauline Francis (hereinafter the defendant) executed an adjustable rate balloon note in favor of BNC Mortgage, Inc. (hereinafter BNC). The note was secured by a mortgage on certain real property located in Far Rockaway. BNC assigned the mortgage to Deutsche Bank National Trust Company (hereinafter Deutsche Bank). On January 13, 2010, Deutsche Bank commenced a foreclosure action against, among others, the defendant (hereinafter the 2010 action) and accelerated the debt. On July 3, 2013, Deutsche Bank assigned the mortgage to the plaintiff, U.S. Bank National Association (hereinafter U.S. Bank), and on November 13, 2014, Deutsche Bank voluntarily discontinued the 2010 action.
On August 1, 2017, U.S. Bank commenced this foreclosure action (hereinafter the 2017 action) against, among others, the defendant. The defendant made a pre-answer motion [*2]pursuant to CPLR 3211(a)(5) to dismiss the 2017 action on the ground that it was time-barred. U.S. Bank opposed the defendant's motion, arguing, inter alia, that Deutsche Bank's voluntary discontinuance of the 2010 action revoked the acceleration of the debt and, thus, reset the statute of limitations as if the debt had never been accelerated.
In an order entered July 5, 2018, the Supreme Court concluded that U.S. Bank failed to demonstrate that the acceleration of the debt was revoked as it failed to submit an affidavit of an individual with personal knowledge to demonstrate mailing of the de-acceleration notices, and that it therefore failed to demonstrate that the statute of limitations was tolled. Since U.S. Bank did not commence the 2017 action within six years of the acceleration of the debt by the 2010 action, the court determined that the 2017 action was time-barred and granted the defendant's motion to dismiss.
Thereafter, U.S. Bank moved, among other things, for leave to renew its opposition to the defendant's motion to dismiss. In support of that branch of its motion, U.S. Bank proffered new evidence demonstrating that the note was transferred to it in 2006 and contended that Deutsche Bank therefore lacked standing either to commence the 2010 action or to accelerate the debt. In an order entered December 19, 2018, the court, inter alia, denied that branch of U.S. Bank's motion which was for leave to renew. U.S. Bank appeals from both orders.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt (see Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 772; HSBC Bank, N.A. v Vaswani, 174 AD3d 514, 515). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d at 773 [internal quotation marks omitted]; see Christiana Trust v Barua, 184 AD3d 140, 145; HSBC Bank, N.A. v Vaswani, 174 AD3d at 515).
Contrary to U.S. Bank's contention, the voluntary discontinuance of a foreclosure action, without more, is insufficient to establish that a bank has revoked the acceleration of the debt (see Christiana Trust v Barua, 184 AD3d at 146-147; HSBC Bank, N.A. v Vaswani, 174 AD3d at 515; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633).
Additionally, where a lender relies on correspondence to demonstrate that a debt has been de-accelerated, it must provide proof of mailing, and here, U.S. Bank failed to do so (see 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 987; U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 809). Further, the 90-day notices pursuant to RPAPL 1304 were insufficient to revoke an acceleration or toll the limitations period (see U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 809; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935-936).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "'While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774, quoting Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; see Carmike Holding I, LLC v Smith, 180 AD3d at 747). "'When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774, quoting Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116, 1116; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020).
Here, U.S. Bank failed to proffer any excuse for its failure to offer the new facts in [*3]opposition to the defendant's motion to dismiss. Thus, we agree with the Supreme Court's determination to deny that branch of U.S. Bank's motion which was for leave to renew (see Deutsche Bank Natl. Trust Co v. Elshiekh, 179 AD3d at 1020; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774).
U.S. Bank's remaining contention is not properly before this Court.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court