U.S. Bank N.A. v Thompson (2020 NY Slip Op 08098)





U.S. Bank N.A. v Thompson


2020 NY Slip Op 08098


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-10862
 (Index No. 8514/11)

[*1]U.S. Bank National Association, appellant,
v
Verna E. Thompson, etc., respondent, et al., defendants.


Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 9, 2018. The order denied the plaintiff's motion pursuant to CPLR 2221(a), in effect, to vacate an order of the same court (Peter P. Sweeney, J.) dated November 22, 2016, which, sua sponte, conditionally dismissed the action unless the plaintiff moved for an order of reference within 90 days from November 22, 2016, and to restore the action to the active calendar.
ORDERED that the order dated May 9, 2018, is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 2221(a), in effect, to vacate the order dated November 22, 2016, and to restore the action to the active calendar is granted.
This foreclosure action was commenced on April 13, 2011. The defendant Verna E. Thompson (hereinafter the defendant) did not interpose an answer, move, or appear within the time allowed. In January 2014, the plaintiff moved for leave to enter a default judgment and for an order of reference. In September 2015, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and for an order of reference. At a status conference on November 22, 2016, the court, sua sponte, issued a conditional order directing the plaintiff to make a motion for an order of reference within 90 days thereof, and warned that the failure to comply with the order would result in dismissal of the action (hereinafter the conditional order). In March 2017, the referee issued a report determining, inter alia, the amount due to the plaintiff. It appears that on February 28, 2017, the action was administratively dismissed based upon the conditional order, and without the issuance of a court order. That same day, the plaintiff was served with a copy of the conditional order, and notice of its entry. On or about March 20, 2018, the plaintiff moved pursuant to CPLR 2221(a), in effect, to vacate the conditional order and to restore the action to the active calendar. The court denied the motion as untimely. The plaintiff appeals.
Contrary to the defendant's contention, it was procedurally proper for the plaintiff to move pursuant to CPLR 2221(a) to vacate the conditional order. That order was not appealable as of right because it did not decide a motion made on notice (see Tangalin v MTA Long Is. Bus, 92 AD3d 766, 767; Mega Constr. Corp. v Benson Park Assoc., LLC, 60 AD3d 826, 827). Unlike a [*2]motion to reargue pursuant to CPLR 2221(d), a motion pursuant to CPLR 2221(a) to vacate an order is not subject to any specific time limitation.
The Supreme Court should have granted the plaintiff's motion pursuant to CPLR 2221(a), in effect, to vacate the conditional order, and to restore the action to the active calendar. The conditional order constituted a defective 90-day notice pursuant to CPLR 3216. The court was without authority to issue a 90-day notice since issue was not joined in the action (see CPLR 3216[b][1]; U.S. Bank N.A. v Spence, 175 AD3d 1346, 1348). Moreover, the conditional order failed to state that the plaintiff's failure to comply "will serve as a basis for a motion" by the court to dismiss the action for failure to prosecute (CPLR 3216[b][3]; see Cadichon v Facelle, 18 NY3d 230, 235; Waterfall Victoria Master Fund, Ltd. v Gurley, 172 AD3d 783, 784; Element E., LLC v Allyson Enters., Inc., 167 AD3d 981, 982; Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006). The purported dismissal was not properly effectuated since the court never directed the parties to show cause why the action should not be dismissed, and failed to issue a formal order of dismissal on notice to the parties as required by CPLR 3216 (see Cadichon v Facelle, 18 NY3d at 236; Waterfall Victoria Master Fund, Ltd. v Gurley, 172 AD3d at 784; Element E., LLC v Allyson Enters, Inc., 167 AD3d at 982; US Bank N.A. v Saraceno, 147 AD3d at 1006). Moreover, the conditional order was erroneous since it directed the plaintiff to move for an order of reference, even though the plaintiff had already moved for an order of reference. Accordingly, we grant the plaintiff's motion to vacate the conditional order and restore the action to the active calendar.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court