U.S. Bank N.A. v Francis (2021 NY Slip Op 04628)





U.S. Bank N.A. v Francis


2021 NY Slip Op 04628


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10969
2019-00580
 (Index No. 710551/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Pauline Francis, respondent, et al., defendants. 

 



DECISION & ORDER
Motion by the appellant for leave to renew appeals from two orders of the Supreme Court, Queens County, entered July 5, 2018, and December 19, 2018, respectively, which were determined by decision and order of this Court dated December 23, 2020, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,
ORDERED that the branch of the motion which is for leave to renew is granted, and, upon renewal, the decision and order of this Court dated December 23, 2020 (U.S. Bank N.A. v Francis, 189 AD3d 1511), is recalled and vacated, and the following decision and order is substituted therefor:
Parker Ibrahim & Berg LLP, New York, NY (Robert N. Pollock and Ben Z. Raindorf of counsel), for appellant.
Andrea S. Gross, St. Albans, NY, for respondent.
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered July 5, 2018, and (2) an order of the same court entered December 19, 2018. The order entered July 5, 2018, granted the motion of the defendant Pauline Francis pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her. The order entered December 19, 2018, denied the plaintiff's motion pursuant to CPLR 2221 for leave to renew and reargue its opposition to the motion of the defendant Pauline Francis to dismiss the complaint insofar as asserted against her.
ORDERED that the order entered July 5, 2018, is reversed, on the law, and the motion of the defendant Pauline Francis pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her is denied; and it is further,
ORDERED that the appeal from so much of the order entered December 19, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no [*2]appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered December 19, 2018, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order entered July 5, 2018; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On October 6, 2006, the defendant Pauline Francis (hereinafter the defendant) executed an adjustable rate balloon note in favor of BNC Mortgage, Inc. (hereinafter BNC). The note was secured by a mortgage on certain real property located in Far Rockaway. BNC assigned the mortgage to Deutsche Bank National Trust Company (hereinafter Deutsche Bank). On January 13, 2010, Deutsche Bank commenced a foreclosure action against, among others, the defendant (hereinafter the 2010 action) and accelerated the debt. On July 3, 2013, Deutsche Bank assigned the mortgage to the plaintiff, U.S. Bank National Association (hereinafter U.S. Bank), and on November 13, 2014, Deutsche Bank voluntarily discontinued the 2010 action.
On August 1, 2017, U.S. Bank commenced this foreclosure action (hereinafter the 2017 action) against, among others, the defendant. The defendant made a pre-answer motion pursuant to CPLR 3211(a)(5) to dismiss the 2017 action on the ground that it was time-barred. U.S. Bank opposed the defendant's motion, arguing, inter alia, that Deutsche Bank's voluntary discontinuance of the 2010 action revoked the acceleration of the debt and, thus, reset the statute of limitations as if the debt had never been accelerated.
In an order entered July 5, 2018, the Supreme Court concluded that U.S. Bank failed to demonstrate that the acceleration of the debt was revoked as it failed to submit an affidavit of an individual with personal knowledge to demonstrate mailing of the de-acceleration notices, and that it therefore failed to demonstrate that the statute of limitations was tolled. Since U.S. Bank did not commence the 2017 action within six years of the acceleration of the debt by the 2010 action, the court determined that the 2017 action was time-barred and granted the defendant's motion to dismiss.
Thereafter, U.S. Bank moved, among other things, for leave to renew its opposition to the defendant's motion to dismiss. In support of that branch of its motion, U.S. Bank proffered new evidence demonstrating that the note was transferred to it in 2006 and contended that Deutsche Bank therefore lacked standing either to commence the 2010 action or to accelerate the debt. In an order entered December 19, 2018, the Supreme Court, inter alia, denied that branch of U.S. Bank's motion which was for leave to renew. U.S. Bank appeals from both orders.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "[W]here the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19).
Here, the defendant established that the mortgage debt was accelerated when Deutsche Bank commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660). However, the defendant's motion papers also included a particular affirmation that Deutsche Bank had submitted in support of its request for a voluntary discontinuance and the order rendered thereon. The defendant's evidence that the debt was accelerated by commencement of the 2010 action, which was later discontinued voluntarily, failed to demonstrate, prima facie, that an action to foreclose the subject mortgage was time-barred (see Freedom Mtge. Corp. v Engel, 37 NY3d at 19).
The parties' remaining contentions need not be reached in light of our determination.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court