Bayview Loan Servicing, LLC v Taddeo (2021 NY Slip Op 06147)





Bayview Loan Servicing, LLC v Taddeo


2021 NY Slip Op 06147


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2019-12394
 (Index No. 3765/11)

[*1]Bayview Loan Servicing, LLC, appellant,
v
Frank A. Taddeo, etc., respondent, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated June 10, 2019. The order denied the plaintiff's motion to vacate an order of the same court (James V. Brands, J.) dated May 3, 2018, sua sponte, directing dismissal of the complaint without prejudice.
ORDERED that the order dated June 10, 2019, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated May 3, 2018, is granted.
On July 20, 2007, the defendant Frank Taddeo executed a note in the amount of $235,500 in favor of nonparty Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property in Dutchess County.
On June 9, 2011, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), Wamu's successor in interest, commenced this action to foreclose the mortgage against Taddeo, among others. JPMorgan filed an affidavit of due diligence stating that it was unable to serve Taddeo with the summons and complaint. In an order dated December 23, 2013, the Supreme Court appointed Scott Brien as guardian ad litem for the purpose of accepting service on Taddeo's behalf.
Nevertheless, Taddeo had filed a pro se answer on July 15, 2011—more than two years before the guardian ad litem was appointed.
In a letter dated January 17, 2018, the Supreme Court informed the plaintiff that it had been notified by the guardian ad litem that he had not been served with notice of any of the prior motions. The court stated: "Plaintiff's counsel is directed to submit a list of any and all previously filed motions in connection with this matter with the accompanying proof of affidavits or service of such prior applications upon all counsel/parties including the appointed GAL. . . . Failure to comply will result in a sua sponte order vacating the prior decisions rendered in this matter and dismissing the matter from the court's docket." The plaintiff's counsel responded with a letter providing the court with the requested information.
In an order dated May 3, 2018, the Supreme Court, sua sponte, directed dismissal of the complaint without prejudice. The court determined that the plaintiff's failure to serve the pleadings on either Taddeo or the guardian ad litem constituted a jurisdictional defect.
The plaintiff then moved to vacate the order dated May 3, 2018. The plaintiff argued that Taddeo submitted to the jurisdiction of the Supreme Court when he filed his pro se answer, and [*2]in any event, that the sua sponte dismissal of the complaint was not justified.
In an order dated June 10, 2019, the Supreme Court denied the plaintiff's motion to vacate the order dated May 3, 2018. The plaintiff appeals.
The Supreme Court erred in sua sponte directing dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Hartford Funding, Ltd. v Harris, 193 AD3d 1035). Moreover, a ministerial dismissal, made without notice and without benefit of further judicial review, is erroneous (see U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1645; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006). Under such circumstances, the court should direct the parties to show cause why the complaint should not be dismissed, and enter a formal order of dismissal on notice to the parties (see U.S. Bank N.A. v Thompson, 189 AD3d at 1645).
Here, the Supreme Court never ordered the plaintiff to show cause why its failure to serve the guardian ad litem should not result in the dismissal of the complaint. The court had only directed the plaintiff to provide certain information, and the plaintiff did so.
The Supreme Court also erred in concluding that the failure to serve the guardian ad litem constituted a jurisdictional defect. "An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him [or her], and therefore confers personal jurisdiction over him [or her], unless he [or she] asserts an objection to jurisdiction either by way of motion or in his [or her] answer" (Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140; see CPLR 320). Here, by filing a pro se answer that did not include an objection to jurisdiction, Taddeo waived any argument that the court lacked personal jurisdiction over him (see Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491-492).
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated May 3, 2018.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court