Bankunited v Kaur (2022 NY Slip Op 04944)

Bankunited v Kaur

2022 NY Slip Op 04944

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-05191
2020-05193
2020-05194
 (Index No. 13305/10)

[*1]Bankunited, etc., plaintiff,
v
Nirmal Kaur, etc., et al., respondents, et al., defendants, Castle Peak 2012-1 Loan Mortgage Backed Notes, etc., nonparty-appellant. (Appeal No. 1.)
Castle Peak 2012-1 Loan Mortgage Backed Notes, etc., appellant,
v
Nirmal Kaur, etc., et al., respondents, et al., defendants. (Appeals No. 2 and 3.)

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Rajdai D. Singh of counsel), for Castle Peak 2012-1 Loan Mortgage Backed Notes, nonparty-appellant in Appeal No. 1 and appellant in Appeals No. 2 and 3.
Vernita Charles, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, Castle Peak 2012-1 Loan Mortgage Backed Notes appeals from (1) an order of the Supreme Court, Queens County (Martin J. Schulman, J.), dated March 8, 2017, (2) an order of the same court (Carmen R. Velasquez, J.), dated July 12, 2018, and (3) an order of the same court (Carmen R. Velasquez, J.), dated April 10, 2019. The order dated March 8, 2017, sua sponte, directed dismissal of the action on the ground that the plaintiff's predecessor in interest, Bankunited, had failed to move for a judgment of foreclosure and sale by March 8, 2017, as previously directed by an order of the same court dated December 14, 2016. The order dated July 12, 2018, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate the order dated March 8, 2017. The order dated April 10, 2019, insofar as appealed from, denied those branches of the motion of the plaintiff's successor in interest, nonparty Marchai Properties, LP, which were for leave to renew and reargue that branch of the plaintiff's prior motion which was to vacate the order dated March 8, 2017.
ORDERED that the appeal from the order dated March 8, 2017, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice, and we decline to grant leave to appeal (see Deutsche Bank Natl. Trust Co. v Brown, 186 AD3d 1195); and it is further,
ORDERED that the order dated July 12, 2018, is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was to vacate the order dated March 8, 2017, is granted; and it is further,
ORDERED that the appeal from so much of the order dated April 10, 2019, as denied that branch of the motion of the plaintiff's successor in interest, nonparty Marchai Properties, LP, which was for leave to reargue that branch of the plaintiff's prior motion which was to vacate the order dated March 8, 2017, is dismissed, as no appeal lies from an order denying reargument; and it is further;
ORDERED that the appeal from so much of the order dated April 10, 2019, as denied that branch of the motion of the plaintiff's successor in interest, nonparty Marchai Properties, LP, which was for leave to renew that branch of the plaintiff's prior motion which was to vacate the order dated March 8, 2017, is dismissed as academic, in light of our determination on the appeal from the order dated July 12, 2018; and it is further;
ORDERED that one bill of costs is awarded to Castle Peak 2012-1 Loan Mortgage Backed Notes.
In May 2010, the plaintiff's predecessor in interest, Bankunited, commenced this action against, among others, the defendants Nirmal Kaur and Jagtar Singh (hereinafter together the defendants) to foreclose a mortgage securing certain residential property in Queens. In a status conference order dated December 14, 2016 (hereinafter the December 2016 order), the Supreme Court, inter alia, directed Bankunited to move for a judgment of foreclosure and sale by March 8, 2017. The order also provided, in relevant part: "ORDERED, that failure to comply with the terms of this order may result in the dismissal of this action without prejudice." Thereafter, in an order dated March 8, 2017 (hereinafter the March 2017 order), the court found that Bankunited had not complied with the December 2016 order and, sua sponte, directed dismissal of the action without prejudice.
In August 2017, the plaintiff moved, inter alia, to vacate the March 2017 order. In an order dated July 12, 2018 (hereinafter the July 2018 order), the Supreme Court, among other things, denied that branch of the plaintiff's motion. Subsequently, in November 2018, the plaintiff's successor in interest, nonparty Marchai Properties, LP (hereinafter Marchai), moved, inter alia, for leave to renew and reargue that branch of the plaintiff's prior motion which was to vacate the March 2017 order. In an order dated April 10, 2019 (hereinafter the April 2019 order), the court, among other things, denied those branches of Marchai's motion which were for leave to renew and reargue.
The Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the March 2017 order, sua sponte, directing dismissal of the action. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]; see Hartford Funding, Ltd. v Harris, 193 AD3d 1035, 1036). Although a court, on its own initiative, with notice to the parties, may dismiss a party's pleading pursuant to CPLR 3216 when that party unreasonably neglects to proceed in an action, that procedure was not followed, and, in any event dismissal pursuant to CPLR 3216 is not appropriate under the circumstances of this case (see U.S. Bank N.A. v Francis, 197 AD3d 525, 527; U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1645). Here, issue had not been joined and the court failed to provide notice to the plaintiff to resume prosecution at least 90 days prior to directing dismissal of the case (see CPLR 3216[b][1], [3]; U.S. Bank N.A. v Francis, 197 AD3d at 527; U.S. Bank N.A. v Thompson, 189 AD3d at 1645).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the March 2017 order (see U.S. Bank N.A. v Francis, 197 AD3d at 527; U.S. Bank N.A. v Thompson, 189 AD3d at 1645).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court