| U.S. Bank v Chan |
|:---:|
| 2025 NY Slip Op 34761(U) |
| December 10, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 500726/2013 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 36, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse at 320 Jay Street, Brooklyn, New York on the 10th day of December, 2025

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

--------------------------------------------------------------- X

U.S. BANK,

               Plaintiff,

       - against -

SANDRA L. CHAN, et al.,

               Defendants.

--------------------------------------------------------------- X

Index No.: 500726/2013

**DECISION/ORDER**

       Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this

Motion:

| Papers | Numbered |
|---|---|
| Motion, Affirmation in Support, and Exhibits | NYSCEF Doc. Nos. 121-133 |
| Memorandum of Law in Opposition and Affirmation in Opposition | NYSCEF Doc. Nos. 134-135 |
| Affirmation in Reply | NYSCEF Doc. No. 137 |

Motion Sequence #6

       Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

       Sandra L. Chan ("Defendant") filed a motion in limine for an order: (1) correcting the caption to change the name of the Plaintiff from U.S. Bank [Trust, N.A., as Trustee for LSF8 Master Participation Trust] to JPMorgan Chase Bank, N.A.[1]; (2) dismissing the action for

---

[1] The caption on the Summons and Complaint is "JPMorgan Chase Bank, NA."

1

[* 1]

Plaintiff's failure to comply with CPLR 321 (b); (3) requiring in-person testimony for trial witnesses; and (4) granting attorneys' fees as a matter of law. Plaintiff opposes the motion and Defendant submits reply papers. For the reasons set forth below, Defendant's motion is denied in its entirety.

As an initial matter, the Court notes that motions in limine should be used to "seek relief excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use." *C.D. v. C.D.*, 85 Misc. 3d 1278(A) (Sup. Ct. Westchester Co. 2025); *see also State v. Deutsche Telekom AG*, 419 F. Supp. 3d 783, 787 (S.D.N.Y. 2019) (holding that "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial"). Defendant's motion does not address any evidentiary issues but seeks to address matters already determined by the Court, or if they have not been previously determined by the Court, should have been addressed by Defendant prior to the start of trial. For this reason alone, the motion is denied. Even assuming arguendo that this motion is a proper motion in limine, the Court still finds that the substance of Defendant's arguments is without merit.

## I. DEFENDANT'S REQUEST TO CORRECT THE CAPTION IS DENIED.

CPLR 1018 clearly provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Thus, Defendant's assertion that the denial of Plaintiff's summary judgment motions "effectively reversed" the Order that granted a change in the name of the caption of Plaintiff from JPMorgan Chase Bank, NA to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust against Sandra Chan and Ariel Chan is baseless.

2

[* 2]

Defendant has not cited any case law or any legal authority to support her position that the caption as set forth the Court's December 5, 2025, and December 8, 2025 decisions impact the substance of the issues set forth in this case. Moreover, as highlighted by Plaintiff, "Defendant has been properly served and has been litigating the claims related to the foreclosure and has clearly been aware of the assignment to U.S. Bank." Memorandum of Law in Opposition, NYSCEF Doc. No. 134. Further, there is no prejudice in using the caption "U.S. Bank." Accordingly, Defendant's request that the Court correct the caption in its Decision/Order dated and entered on December 5, 2025, and in its Decision/Order dated and entered on December 8, 2025, is denied.

## II. DEFENDANT'S REQUEST TO DISMISS THE ACTION PURSUANT TO CPLR 321 (b) IS DENIED.

Defendant asserts that the consent to change attorney form, which substituted Fein, Such & Crane, LLP, as attorneys of record is defective because it was not signed by JPMorgan Chase Bank. Moreover, Defendant argues that the consent was defective because it was signed by an authorized officer of a non-party to the action, attorney in fact for U.S. Bank Trust. Furthermore, Defendant argues that since it was not signed by anyone at the law firm of Fein, Such & Crane, as required by CPLR 321 (b), the case must be dismissed. The Court disagrees.

CPLR 321 (b) (1) provides that "unless the party is a person specified in section 1201, an attorney of record may be changed by filing with the clerk a consent to the change signed by the retiring attorney and signed and acknowledged by the party. Notice of such change of attorney shall be given to the attorneys for all parties in the action or, if a party appears without an attorney, to the party." Here, the retiring attorneys, McCabe, Weisberg & Conway, signed the consent to change attorney form, which was also signed by Kolette Modlin, an authorized officer for U.S. Bank's attorney-in-fact, Caliber Home Loans. There is no debate that the mortgage was assigned to U.S. Bank from JPMorgan Chase Bank. And Defendant has not submitted any case law to

3

[* 3]

prove that the signing of the consent by Plaintiff's attorney-in-fact, is impermissible. *See Zulli v. JP Morgan Chase Bank*, 2025 WL 2482300, *3, n.6 (E.D.N.Y. Aug. 27, 2025) (declining to invalidate consent to change attorney signed by attorney-in-fact). As Defendant has not demonstrated that Plaintiff failed to change attorneys as prescribed by CPLR 321 (b), Defendant's request to dismiss the action on this basis is denied.

### III. DEFENDANT'S ARGUMENT THAT IN-PERSON TESTIMONY IS REQUIRED FOR TRIAL IS WITHOUT MERIT.

Concerning Defendant's argument that due process requires in-person testimony of witnesses, the Court finds this argument is unavailing. Defendant fails to demonstrate that the Court cannot observe witness demeanor and assess credibility in a virtual format. Neither do the cases cited by Defendant support this assertion. In fact, the Court agrees with Defendant's statement that the Court is "in the best position to assess the veracity of witnesses, because it has the advantage of seeing and hearing them directly." Affirmation in Support of Yolande I. Nicholson, Esq., dated December 8, 2025, NYSCEF Doc. No. 122, at ¶55. As such, the Court hereby finds that witnesses may testify in a virtual format, specifically through Microsoft TEAMS, as needed, to ensure the case moves forward expeditiously. *See Ciccone v. One W. 64th St., Inc.*, 69 Misc. 3d 585, 593 (Sup. Ct. N.Y. Co. 2020) (finding hearing conducted virtually through videoconference preferable to postponement, and adequate to allow cross-examination and assessment of witness credibility); *see also St. Joseph's Hosp. Health Ctr. v. B.V.*, 80 Misc. 3d 1011, 1015, 1016 (Sup. Ct. Onondaga Co. 2023) (finding that "[i]t is unquestionable that this Court has the authority to utilize video technology to facilitate a virtual proceeding" even after the recission of COVID-19-era administrative orders mandating virtual appearances and "due process does not command that the hearing be conducted in-person"); *see generally People v. Wrotten*, 14 N.Y.3d 33, 39 (2009) (holding that testimony via videoconference "may preserve the essential

4

[* 4]

safeguards of testimonial reliability" and safeguard constitutional concerns under heightened standards of Confrontation Clause). There is simply no proof that either party would be prejudiced by such testimony. As such, Defendant's request that the Court require in-person testimony at trial is denied.

## IV.    DEFENDANT'S REQUEST FOR ATTORNEY'S FEES IS DENIED.

Lastly, as Defendant did not assert an action or a counterclaim to be awarded attorneys' fees nor does Defendant's answer assert such a counterclaim, Defendant's argument that she is entitled to attorneys' fees pursuant to RPL 282 is without merit. RPL 282 provides that attorneys' fees are only recoverable by a mortgagor "in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor." (Real Property Law 282; s*ee U.S. Bank Nat'l Ass'n v. Onuoha,* 216 A.D.3d 1069 (2d Dep't 2023); *compare Deutsche Bank Natl. Tr. Co. v. Gordon*, 179 A.D.3d 770, 771 (2d Dep't 2020) (awarding attorneys' fees to defendant where defendant asserted a counterclaim). Therefore, Defendant's request is denied.

This constitutes the Decision and Order of the Court.

ENTER:

_____
Hon. Carolyn Walker-Diallo, J.S.C.

[* 5]